[No. B009218. Second Dist., Div. Seven. Sept. 17, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSEPH ROOT, Defendant and Respondent.

**COUNSEL**

Ira Reiner, District Attorney, Harry B. Sondheim and Sterling S. Suga, Deputy District Attorneys, for Plaintiff and Appellant.

Michael D. Nasatir and Nasatir & Hirsch for Defendant and Respondent.

**OPINION**

**LILLIE, P. J.**—The People appeal from order suppressing evidence and dismissing the information against defendant Joseph Root. (Pen. Code, § 1238, subd. (a)(7).)

I

FACTS

Pursuant to information supplied to police by a confidential informant regarding large quantity cocaine sales by defendant Root, his residence was placed under surveillance on November 14, 1983. That evening, police saw Root leave his residence, enter a black Bronco, and drive away; the Bronco was followed to 22908 Vose Street in Canoga Park. Officer Ybarra later observed defendant running out of that address to a building directly across the street, number 22859 Vose; defendant knocked on the door, had a short conversation with someone there, and returned to 22908. Paul Cassotta then exited 22859, got into a brown Datsun and drove into the driveway of 22908. As Cassotta walked toward the front door, Root met him in the driveway carrying a white plastic bag; defendant proceeded to the brown Datsun in a crouched posture, looking up and down the street, opened the driver's door, placed the bag on the floor and closed the door; defendant got into his black Bronco, Cassotta returned to the Datsun, and both vehicles drove away. The cars were followed by the police surveillance team.

In separate cars, Officers Sanchez and Ybarra followed Cassotta's car to a Thrifty Gas Station, where Officer Sanchez arrested him for narcotics violation as per instructions received over the police radio. Officer Ybarra looked into the car to see if the white bag was still there, observed it on the left side of the driver's floorboard, and retrieved it. Inside the bag was a clear plastic bag filled with white powder, which was later identified as cocaine.

Defendant and Cassotta were charged by information with possession of cocaine for sale. (Health & Saf. Code, § 11351.) Cassotta moved for disclosure of informant. The People refused to disclose the informant's identity until after they had lost track of him; the court found that the police were under a duty to produce the informant, had not complied with that duty and the action as to Cassotta had to be dismissed. Defendant moved to suppress evidence seized from Cassotta's car (Pen. Code, § 1538.5). The court held that defendant, as the target of the police investigation, had standing to assert the illegality of the search of Cassotta's car and the seizure of the cocaine found therein; the suppression motion was granted. Inasmuch as the People were unable to proceed with a successful prosecution due to the suppression of evidence, the case against Root was ordered dismissed. (Pen. Code, § 1385.) The People appeal.

## II

### VICARIOUS STANDING

Under former California law, a defendant had standing to object to the introduction of evidence seized in violation of the rights of a third person. (*People* v. *Martin* (1955) 45 Cal.2d 755, 761 [290 P.2d 855].) The People correctly note that Proposition 8 (now Cal. Const., art. I, § 28, subd. (d)) abrogated this vicarious exclusionary rule and a defendant's right to object to and suppress evidence seized in violation of the California but not the federal Constitution. (*In re Lance W.* (1985) 37 Cal.3d 873, 879 [210 Cal.Rptr. 631, 694 P.2d 744].) We thus look to federal law to determine the question of defendant's standing to suppress evidence.

The trial court found defendant had standing to suppress the evidence because he was the target of the police investigation; this conclusion is erroneous. The United States Supreme Court expressly rejected the target theory in *Rakas* v. *Illinois* (1978) 439 U.S. 128, 135 [58 L.Ed.2d 387, 395, 99 S.Ct. 421], explaining that language in *Jones* v. *United States* (1960) 362 U.S. 257, 261 [4 L.Ed.2d 697, 702, 80 S.Ct. 725, 78 A.L.R.2d 233] referring to "one against whom the search was directed" is simply a parenthetical equivalent of the previous phrase, "a victim of a search or sei-

zure"; *Jones* should not be read to extend standing to suppress evidence to a person who is the target of the investigation.

Fourth Amendment rights are personal rights which may not be vicariously asserted. (*Brown* v. *United States* (1973) 411 U.S. 223, 230 [36 L.Ed.2d 208, 214, 93 S.Ct. 1565].) "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. [Citation.] And since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment [citation], it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections." (*Rakas* v. *Illinois, supra,* 439 U.S. 128, 133-134 [58 L.Ed.2d 387, 394-395, 99 S.Ct. 421], fn. omitted.)

## III

### REASONABLE EXPECTATION OF PRIVACY

■ The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure. (*Rakas* v. *Illinois, supra,* 439 U.S. at p. 130, fn. 1 [58 L.Ed.2d at p. 393]). ■ An illegal search only violates the rights of those who have a legitimate expectation of privacy in the invaded place. (*United States* v. *Salvucci* (1980) 448 U.S. 83, 91-92 [65 L.Ed.2d 619, 628, 100 S.Ct. 2547]; *Rakas* v. *Illinois, supra,* 439 U.S. 128, 140 [58 L.Ed.2d 387, 399].) ■ Appellant Root does not claim he had any expectation of privacy in Cassotta's car which would confer standing on him to suppress evidence. He argues, however, that the area searched was the inside of an opaque white plastic bag, as to which he did have a reasonable expectation of privacy.

For the purpose of the motion to suppress, Root claimed a proprietary interest in the white bag he placed in Cassotta's car. ■ But property ownership is only one factor to be considered in determining whether an individual's Fourth Amendment rights have been violated; it is not a substitute for a factual finding that the owner of the goods had a legitimate expectation of privacy in the area searched. (*United States* v. *Salvucci, supra,* 448 U.S. 83, 91-93 [65 L.Ed.2d 619, 627-629]; see also *Rawlings* v. *Kentucky* (1980) 448 U.S. 98, 105 [65 L.Ed.2d 633, 642, 100 S.Ct. 2556].) ■ In this case, defendant took the bag, placed it in Cassotta's car, closed the car door, and walked away from the car; Cassotta then drove the car away. Root relinquished physical control of the bag to Cassotta, a factor inconsistent with Root's continuing expectation of privacy in the bag.

Although appellant argues this was a valid bailment which would support a continuing expectation of privacy, he made no showing in the court below of any such arrangement with Cassotta; nor are such "arcane distinctions" developed in property law and tort law to control our Fourth Amendment inquiry. (*United States* v. *Salvucci, supra,* at p. 91 [65 L.Ed.2d at p. 627]; *Rakas* v. *Illinois, supra,* at p. 143 [58 L.Ed.2d at p. 400].) The record also fails to support his argument that he and Cassotta were coconspirators, thereby sharing an expectation of privacy in the bag.

Although a determination of expectation of privacy should not be made based on a distinction between "worthy" and "unworthy" containers, an appraisal of the container is nevertheless a circumstance manifesting the scope of an individual's expectation of privacy; thus a reasonable expectation of privacy may be found in a paper bag stapled shut and marked "private" or in a cardboard box stacked on top of two pieces of heavy luggage. (*United States* v. *Ross* (1982) 456 U.S. 798, 822, fn. 30 [72 L.Ed.2d 572, 592, 102 S.Ct. 2157].) The container in this case was an opaque plastic bag of the type given to customers to hold their retail purchases. The testimony at the preliminary hearing, viewed in the light most favorable to the order of the trial court, is that the bag was rolled up, or partially rolled up when removed from Cassotta's car; nowhere in the record is there evidence that this container was tied, stapled, taped shut or otherwise sealed from outside view, so as to indicate Root's expectation of privacy as to the contents of the bag.

Root had the burden of proving that he had a legitimate expectation of privacy in the bag. (*Rawlings* v. *Kentucky, supra,* 448 U.S. 98, 104 [65 L.Ed.2d 633, 641].) He did not meet this burden. The trial court erred in granting his motion to suppress evidence and in dismissing the case against him.

### DISPOSITION

The order of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

Thompson, J., and Johnson, J., concurred.